IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **CHRISTOPHER ULMER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v.  ) | Civil Action No. 5:10-0462 |
| ) | |
| **DAVID BERKEBILE, Warden,** ) | |
| **FCI Beckley,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On April 8, 2010, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and an Addendum to his Petition. (Document Nos. 1 and 2.)[1] Petitioner basically contends that the Bureau of Prisons [BOP] is not considering inmates for designation to Residential Reentry Center [RRC] placement for periods of time longer than six months when 18 U.S.C. § 3624(c) now requires that they be considered for such placement for up to the last twelve months of their sentences. Thus, Petitioner indicates that he has not been designated for RRC placement for a period of time longer than six months. Having examined the record and applicable law, the undersigned finds that the circumstances which Petitioner alleges as grounds for relief under Section 2241 do not indicate that Petitioner is in custody in violation of the Constitution or laws of the United States and therefore respectfully recommends that Petitioner's Petition (Document Nos. 1 and 2.) be dismissed.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## BACKGROUND

By Information filed on April 4, 2008, in the Eastern District of Tennessee, Petitioner was charged with mail fraud in violation of 18 U.S.C. § 1341 (Count One), aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Two) and identity theft in violation of 18 U.S.C. §§ 1028(a)(7) and (b)(1)(D) (Count Three). United States v. Ulmer, Criminal No. 3:08-0045 (Document No. 1.) Petitioner pled guilty to the charges contained in the Information on May 1, 2008 (Id., Document No. 5.). On May 13, 2008, Petitioner requested a psychological examination, and the District Court ordered it. (Id., Document Nos. 7 and 8.) The District Court sentenced Petitioner on November 20, 2008, to 12 month terms of incarceration on Counts One and Three to run concurrently and a 24 month term of incarceration on Count Two to run consecutively and 3 year terms of supervised release on Counts One and Three and five years on Count Two to run concurrently. The District Court also imposed a $300 special assessment and a $5,475.91 fine and required Petitioner to pay $7,851.09 in restitution. (Id., Document No. 17.). By letter dated February 11, 2010, Petitioner requested that the District Court recommend that he be approved for placement in a RRC for 12 months. Petitioner stated that "[y]our recommendation will help me prove to the Bureau that my situation is exactly the type that fits under the BOP's 'unusual or extraordinary circumstances justifying' a 12-month RRC term." (Id., Document No. 21.) By Order filed on March 3, 2010, the District Court denied Petitioner's request for a recommendation finding Petitioner's circumstances "to be neither unusual or extraordinary." (Id., Document No. 23.) The Bureau of Prisons' Inmate Locator indicates that Petitioner's projected release date is currently September 18, 2011.

**PETITIONER'S CLAIM**

Petitioner contends that, notwithstanding Congress' amendment of 18 U.S.C. § 3624(c) under the Second Chance Act of 2007 extending the maximum period of time when the Bureau of Prisons is required to hold a prisoner at the end of his term of incarceration "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry of that prisoner into the community" from six to twelve months, the Bureau of Prisons has nevertheless implemented a policy and practice of authorizing no inmate more than a 6 month RRC placement. Referring to the BOP's April 14 and November 14, 2008, Memoranda, Program Statement 7310.04 and comments of BOP Director Lappin at a 2008 Sentencing Commission Symposium, Petitioner contends that the BOP has established policies and procedures inconsistent with Congress' direction in enacting the Second Chance Act by creating a presumption that no inmate will be designated to more than six months in a RRC. Construing Petitioner's documents liberally as the Court must, the undersigned finds that Petitioner is claiming that under BOP policies, the BOP will not designate him for RRC placement for a period of time longer than six months when he is entitled to such designation for a period of time up to twelve months under Section 3624(c). Petitioner further asserts that when the BOP conducts an RRC placement review 17 - 19 months prior to an inmate's projected release date, the inmate does not have adequate time to exhaust administrative remedies prior to the time he becomes eligible for the 12 month RRC placement. Petitioner states that "[i]ncluding document preparation and delivery times, a 180-day period is often required to complete the required internal remedy process." (Document No. 1, p. 15.)

Petitioner states that on February 19, 2010, he submitted a formal request for placement in a RRC for the maximum period of 12 months. A copy of Petitioner's request addressed to his Case

Manager is attached to his Addendum to his Petition (Document No. 2.) as Exhibit A. In his request, Petitioner stated that he was scheduled for his next Unit Team review on February 26, 2010, and as the review would occur in the 19th month before his projected release date, he expected that he would be considered for RRC placement. Petitioner stated that he qualified for a 12 month designation to a RRC because "[a]s a diagnosed bipolar inmate, I qualify for the priority status created by Congress." Thus, Petitioner urged that his psychological condition constituted an extraordinary individual circumstance justifying his designation to a RRC for the full allowable 12 month term under Section 3624(c). Petitioner states that on March 31, 2010, he received the BOP's response denying his request. (Document No. 2, p. 1.) Petitioner states that in denying his request, the BOP stated that a 6 month placement in a RRC is sufficient time for him to seek and obtain employment; considering the Section 3621(b) five factors, he is not eligible for more than a six month RRC placement; and he has a sufficient support system in place. (Id., pp. 1 - 2.). Petitioner asserts that the BOP paid "only lip-service" to the Section 3621(b) five factors stating that "no consideration was given to Petitioner's mental health challenges, and no respect was paid to the Act's demand that those with mental health problems be given priority under the SCA. Such constitutes an abuse of discretion." (Id., p. 2.)

## DISCUSSION

In considering an inmate's petition for *habeas* relief under 28 U.S.C. § 2241, the Court must determine whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975).

**1.     Exhaustion Requirement:**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 F. Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court.[2] See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

---

[2] Exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark." *Wright v. Warden*, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy); *also see Yannucci v. Stansberry*, 2009 WL 2421546, * 3 (E.D.Va. Jul. 28, 2009)(slip copy)(finding that inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to filing his petition is not a sufficient excuse for failing to exhaust his [RRC] claims"); and *Garrison v. Stansberry*, 2009 WL 1160115, * 3 (E.D.Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims").

Petitioner does not discuss what steps he may have taken to exhaust administrative remedies with respect to the BOP's determination of the amount of time he should be designated to a RRC under Sections 3621(b) and 3624(c). It is likely, however, that Petitioner did not exhaust administrative remedies prior to filing his Petition because he filed it on April 8, 2010, only about 23 days after he received the BOP's denial of his request for a 12 month RRC placement (March 31, 2010), and the administrative remedy process takes longer than that to complete. Because it appears plainly from these circumstances that Petitioner did not exhaust administrative remedies before filing his Petition, his Petition should be dismissed.

2. **Application of 18 U.S.C. §§ 3621(b) and 3624(c).**

Disregarding Petitioner's failure to exhaust administrative remedies, it is clear that his Petition must be dismissed because the BOP considered how much time he should be designated to RRC placement on an individualized basis and considered Section 3621(b)'s five factors.

Pursuant to 18 U.S.C. § 3621, the BOP has authority to designate a prisoner's place of imprisonment. Section 3621(b) provides five factors to be considered by the BOP in determining a prisoner's placement:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence -

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to

section 994(a)(2) of title 28.

18 U.S.C. § 3624(c) provides that a prisoner may be granted pre-release custody to serve a portion of his sentence in the community, such as on home confinement or in a RRC. See 18 U.S.C. § 3624. Section 3624(c)(1) governs pre-release RRC placement. As amended by the Second Chance Act of 2007, Section 3624(c)(1) provides as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The Second Chance Act required the BOP to issue new regulations to ensure that RRC placements are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20 - .22. Section 570.21(a) provides that a prisoner's maximum allowable time in a RRC placement is 12 months. The regulations, however, do not set any minimum amount of time that a prisoner must spend in a RRC. Section 570.22 provides that the BOP will make RRC placement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." The 12 month RRC period is a statutory maximum, and it is not mandatory that prisoners receive 12 months in RRC placement. See 18 U.S.C. § 3624(c); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (3rd Cir. 2005)(providing that in exercising its discretion in determining when an inmate should be transferred to a RRC, the BOP must consider the five factors set forth in Section 3621(b) and stating that "that the BOP may assign a prisoner to a CCC does not mean that it must."). On April 14, 2008, the BOP issued a Memorandum stating that the Regional Director's approval is required


section 994(a)(2) of title 28.

18 U.S.C. § 3624(c) provides that a prisoner may be granted pre-release custody to serve a portion of his sentence in the community, such as on home confinement or in a RRC. See 18 U.S.C. § 3624. Section 3624(c)(1) governs pre-release RRC placement. As amended by the Second Chance Act of 2007, Section 3624(c)(1) provides as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The Second Chance Act required the BOP to issue new regulations to ensure that RRC placements are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20 - .22. Section 570.21(a) provides that a prisoner's maximum allowable time in a RRC placement is 12 months. The regulations, however, do not set any minimum amount of time that a prisoner must spend in a RRC. Section 570.22 provides that the BOP will make RRC placement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." The 12 month RRC period is a statutory maximum, and it is not mandatory that prisoners receive 12 months in RRC placement. See 18 U.S.C. § 3624(c); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (3rd Cir. 2005)(providing that in exercising its discretion in determining when an inmate should be transferred to a RRC, the BOP must consider the five factors set forth in Section 3621(b) and stating that "that the BOP may assign a prisoner to a CCC does not mean that it must."). On April 14, 2008, the BOP issued a Memorandum stating that the Regional Director's approval is required

for RRC placements beyond six months. Specifically, the Memorandum provides as follows:

> While the Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.

(Civil Action No. 5:10-0352, Document No. 2, p. 6.) The April 14, 2008, Memorandum further provided that "[b]ecause the Act increases the maximum available pre-release RRC placement timeframe to 12 months, Bureau staff must review inmates for pre-release RRC placement earlier than provided in PS 7310.04. Specifically, inmates must now be reviewed for pre-release RRC placement 17 - 19 months before their projected release dates." 18 U.S.C. § 3624(c)(4) provides that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." Accordingly, "it is within the sole discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long." Garrison v. Stansberry, 2009 WL 1160115, *4 (E.D.Va. 2009)(citations omitted). Therefore "the Court only has authority to review whether the BOP properly reviewed Petitioner's case on an individualized basis and followed § 3621(b)'s five factors." Id.

It appears from the documents which Petitioner has submitted that the BOP followed Sections 3621(b) and 3624(c), its regulations and Memoranda in considering Petitioner for RRC Placement. The BOP considered Petitioner for RRC placement in February, 2010, about 19 months prior to his projected release date in September, 2011. Petitioner indicates that the BOP informed him that it considered the Section 3621(b) five factors and determined on an individualized basis that he should be designated to a RRC for six months. Petitioner is therefore not in custody in violation of the Constitution or laws of the United States, and his Petition should be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Document Nos. 1 and 2.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: November 18, 2010.

R. Clarke VanDervort
United States Magistrate Judge